**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Fred Walter Gomoll,<br><br>　　　　　Petitioner,<br>　　vs.<br><br>Dora Schriro, et al.,<br><br>　　　　　Respondents. | No. CV-07-0449-PHX-PGR (JI)<br><br>ORDER |

　　　　Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Irwin in light of Petitioner's Objection (doc. #16), the Court finds that the petitioner's objections should be overruled and that the Magistrate Judge correctly concluded that the petitioner's petition filed pursuant to 28 U.S.C. § 2554 should be dismissed.

　　　　First, the Magistrate Judge correctly determined that the petitioner procedurally defaulted on the first and third grounds raised in his petition, which the petitioner does not dispute, and that the petitioner failed to show cause excusing the procedural defaults. Although the petitioner argues in his Objection that the ineffective assistance he received from his post-conviction relief counsel constitutes sufficient cause, the Court disagrees. As the Ninth Circuit case law cited by the Magistrate Judge establishes, the petitioner cannot rely on the

ineffectiveness of his post-conviction relief counsel to excuse his failure to exhaust his claim that his appellate counsel was ineffective given that he has no constitutional right to an attorney during post-conviction relief proceedings.

Second, the Court also rejects the petitioner's argument raised in his Objection that his actual innocence excuses his procedural defaults on his first and third claims. While actual innocence serves as a gateway that allows a court to consider a procedurally defaulted claim, a claim of actual innocence requires factual innocence and the petitioner has not shown that, in light of all the evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime. *See* Smith v. Baldwin, 510 U.S. 1127, 1139-40 (9th Cir.2007) (*en banc).*

Third, the Magistrate Judge correctly determined that there is no merit to the petitioner's second ground, wherein he alleges that the imposition of an aggravated sentence based on judicial factual findings was a violation of the Supreme Court decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004). As the Magistrate Judge properly concluded, Blakely is not applicable here because the petitioner's conviction has final before Blakely was decided. *See* Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005) ("We conclude that *Blakely* does not apply retroactively to convictions that became final prior to its publication.")

While the petitioner argues in his Objection that the Supreme Court's decisions in Apprendi and Ring v. Arizona, 536 U.S. 584 (2002), both of which were decided before his conviction became final, are sufficient to grant him relief regardless of the non-retroactivity of Blakely, the Court disagrees. As established by the Schardt decision, the trial judge's imposition of a sentence on the

petitioner greater than the presumptive sentence based on his factfinding regarding aggravating factors did not violate clearly established federal law at the time the petitioner's sentence became final.  See Devincentis v. Quinn, 2008 WL 399303, at *3 (9th Cir. Feb. 13, 2008) (Court, in rejecting prisoner's argument that his sentence violated Apprendi and Ring because his sentence was increased based on facts found by the judge rather than a jury, noted that "[w]e held [in Schardt] that prior to the Supreme Court's decision in *Blakely ...*, it was not a violation of clearly established federal law to impose a sentence greater than the standard sentencing range but within the statutory maximum based on findings made by a judge rather than a jury.")  The petitioner's reliance on Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008), does not change the outcome here because the Harris decision does not apply to the issue raised in the petitioner's second ground.  Therefore,

  IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #15) is accepted and adopted by the Court.

  IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 is denied in its entirety and that this action is dismissed.  The Clerk of the Court shall enter judgment accordingly.

  DATED this 19th day of May, 2008.

_____
Paul G. Rosenblatt
United States District Judge